IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANGO WATTS,

    Petitioner,                  No. CIV S-06-0600 GEB DAD P

    vs.

JAMES YATES, et al.,            ORDER AND

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Petitioner is informed that his in forma pauperis application is incomplete. The certificate section of the form has not been completed by a prison official. See Rule 3(a), Rules Governing § 2254 Cases (providing that an application to proceed in forma pauperis must include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Petitioner's incomplete application will be denied.

        By his petition for writ of habeas corpus, petitioner challenges a judgment of conviction entered in Solano County Superior Court in 1998. Petitioner seeks relief in this court

1

on six grounds:  (1) denial of effective assistance of appellate counsel; (2) sentence calculated in violation of the right to jury trial and due process; (3) prosecutorial misconduct; (4) actual innocence; (5) insufficient evidence to support jury's findings of guilt; and (6) prosecutorial inconsistency material to criminal and culpability-increasing act, violating petitioner's right to due process of law.

      Petitioner affirmatively alleges and offers evidence that he previously filed a federal petition for writ of habeas corpus attacking his 1998 Solano County conviction.  The first petition, filed by the attorney who was appointed to represent petitioner on direct appeal, was filed in the United States District Court for the Northern District of California[1] on March 13, 2002, and raised a single claim:  petitioner was denied his right to due process of law because the state, based on evidence that only one defendant used a gun, obtained a personal gun-use finding against a co-defendant who was tried in an earlier and separate trial and then charged and obtained a personal gun-use finding against petitioner in his later, separate trial.  (See Pet., Supporting Docs.)  The respondent moved to dismiss the Northern District petition as untimely, and petitioner's attorney argued that petitioner was entitled to equitable tolling.  The motion to dismiss was granted by order filed June 25, 2002.  Petitioner's request for a certificate of appealability was denied by the district court on August 5, 2002, and by the Ninth Circuit Court of Appeals on April 24, 2003.  (See Pet., Letters.)

      The sixth ground for relief alleged in petitioner's new petition appears to be the claim that was presented in the first petition.  Petitioner is advised that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

---

[1] It does not appear that venue was proper in the United States District Court for the Northern District of California.  A state prisoner may file a federal habeas petition in the district court for the district where he is confined or in the district court for the district where he was convicted. 28 U.S.C. § 2241(d).  Petitioner was convicted in Solano County, and he was confined in a state prison in Coalinga, which is located in Fresno County, when his first federal habeas petition was filed. (See Pet., Supporting Docs. at 1.)  The Eastern District of California includes both Fresno and Solano Counties. 28 U.S.C. § 84.  The pro se petitioner is still confined in Fresno County, and venue is proper in the Eastern District of California.

1 application shall be dismissed." 28 U.S.C. § 2244(b)(1).  A claim presented in a second or

2 successive habeas corpus application that was <u>not</u> presented in a prior application shall also be

3 dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Before a second or successive application permitted by this statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The petitioner in this case has not obtained an order authorizing the district court to consider his second or successive petition.  Petitioner cannot proceed with such a petition in this court unless and until he obtains such an order.  Petitioner's unauthorized second or successive petition must be dismissed without prejudice to refiling such a petition if he obtains an order of the United States Court of Appeals for the Ninth Circuit authorizing him to file a second or successive petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 22, 2006 application to proceed in forma pauperis is denied;

2. The Clerk of the Court is directed to serve a copy of this order upon Jo Graves, Senior Assistant Attorney General; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
watt0600.suc

4